

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

June 1, 1976

The Honorable Bill Clayton
Speaker of the House
State Capitol
Austin, Texas    78711

Opinion No. H- 831

Re:   Whether the Railroad
Commission is required to
issue certificates of con-
venience and necessity to
gas utilities.

Dear Mr. Speaker:

You have requested our opinion regarding whether the
Railroad Commission is required to issue certificates of
convenience and necessity to gas utilities under the provi-
sions of article 1446c, V.T.C.S., the Public Utility Regulatory
Act.   Article 1446c provides in pertinent part:

> Sec. 49.   For the purposes of this
> article only:   (a) 'Retail public utility'
> means any person, corporation, municipality,
> political subdivision or agency, or cooper-
> ative corporation, now or hereafter operating,
> maintaining, or controlling in Texas facilities
> for providing retail utility service.   (b)
> 'Public utility' does not include any person,
> corporation, municipality, political subdivi-
> sion or agency, or cooperative corporation
> under the jurisdiction of the Railroad
> Commission.
>
> Sec. 50.   Beginning one year after the
> effective date of this Act, unless otherwise
> specified:

(1)  No public utility may in any way render service directly or indirectly to the public under any franchise or permit without first having obtained from the commission a certificate that the present or future public convenience and necessity require or will require such installation, operation, or extension.

(2)  Except as otherwise provided in this article no retail public utility may furnish, make available, render, or extend retail public utility service to any area to which retail utility service is being lawfully furnished by another retail public utility on or after the effective date of this Act, without first having obtained a certificate of public convenience and necessity that includes the area in which the consuming facility is located.

It is apparent that a gas utility under the jurisdiction of the Railroad Commission is exempt from the prohibition of subdivision (1) of section 50, which is applicable only to a "public utility."  The statute does not, however, exclude such gas utilities from the definition of "retail public utility."  In Attorney General Opinion H-812 (1976), we held that the term "public utility" does not "include the more broadly defined 'retail public utility' found in section 49."  The statute could thus be construed as suggesting that a gas utility which is a "retail public utility" as defined by section 49(a) must obtain a certificate of convenience and necessity before it may "furnish, make available, render, or extend retail public utility service to any area to which retail utility service is being lawfully furnished by another retail public utility on or after the effective date" of the statute.  Sec. 50(2).

However, subsection (1) of section 50 specifies that certificates of convenience and necessity are to be obtained "from the commission," which means the Public Utility Commission.  Sec. 3(e).  Although subsection (2) is silent as to the issuing authority, it is our opinion that the certificates required therein must also be obtained from the

Public Utility Commission. Article VII, which is the only part of the statute dealing with certificates of convenience and necessity, repeatedly refers to issuance of certificates by the "commission," and makes no provision for their issuance by the Railroad Commission. In any event, a total absence of any statutory guidelines would preclude the Railroad Commission from issuing certificates of convenience and necessity. See Gerst v. Jefferson County Savings & Loan Asso., 390 S.W.2d 318, 320 (Tex. Civ. App. -- Austin 1965, writ ref'd n.r.e.).

It accordingly is our opinion that the Railroad Commission is neither required nor authorized to issue certificates of convenience and necessity to gas utilities.

### S U M M A R Y

The Railroad Commission is not authorized or required to issue certificates of convenience and necessity to gas utilities under the Public Utility Regulatory Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb